# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD MEANS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TELETECH, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | **Electronic Filing** |

## COMPLAINT

Plaintiff, Ronald Means, by and through his counsel, Kunkel & Fink, LLP, files the following Complaint. In support hereof, plaintiff states as follows:

### Jurisdiction

1. This action arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq. and the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 2617(a)(2); and 42 U.S.C. §§ 2000e(5)(f)(3) and 12117. Count V arises under Pennsylvania common law. This Court has supplemental jurisdiction over Count V pursuant to 28 U.S.C. § 1337.

3. Venue for this action properly lies in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

**Parties**

4. Plaintiff, Ronald Means, is an adult male individual who resides at 23 East Craig Street, Uniontown, Fayette County, Pennsylvania 15401.

5. Defendant, TeleTech, is a corporation doing business at 1648 Mall Run Road, Uniontown, Fayette County, Pennsylvania 15401. TeleTech is a global company that provides customer management services on a contract basis to other businesses. TeleTech operates a call center at its facility located in Uniontown, Pennsylvania.

**Factual Background**

6. Plaintiff was employed by TeleTech from February 11, 2001 until he was discharged on March 16, 2005. His last position was Lead Agent.

7. As a Lead Agent, plaintiff's job duties involved supervising other workers during the night shift at TeleTech's Uniontown call center. The group that plaintiff managed provided customer service to a retail banking client.

8. Plaintiff was qualified for the position of Lead Agent and performed his job duties competently and loyally. Plaintiff's performance was always ranked as satisfactory in his annual performance evaluations. Moreover, prior to his termination, plaintiff had no notice of any dissatisfaction by TeleTech with his performance.

9. In May 2002, plaintiff experienced severe chest pain and was admitted to the hospital where testing confirmed that plaintiff had significant blockage of a coronary artery and extremely high cholesterol.

10. Plaintiff subsequently notified TeleTech that he was diagnosed with high blood pressure and coronary artery disease and missed five days from work due to his serious health condition.

11. Plaintiff was then placed on intermittent FMLA leave until September 2004, when his condition was under better control.

12. In addition to coronary artery disease and high blood pressure, plaintiff has also been diagnosed with asthma. Plaintiff's symptoms include difficulty breathing when exposed to certain air-borne irritants or with physical exertion. Plaintiff also experiences asthma attacks which he treats with a nebulizer and medication.

13. Plaintiff informed TeleTech that he had asthma and requested intermittent family medical leave for his condition.

14. In September 2004, plaintiff did not seek recertification of his family medical leave because he believed that his condition was improving. By early 2005, however, plaintiff's asthma had deteriorated and he missed several days of work and was late arriving to work on several occasions.

15. Plaintiff subsequently applied again for intermittent family medical leave because he was experiencing more frequent asthma attacks.

16. Plaintiff was informed by Human Resources Representative Donya Petrock that each time he was late or missed work he was required to call the TeleTech call-off line, his supervisor and Ms. Petrock. Plaintiff was told that if he was unable to get through to Ms. Petrock or his supervisor, he was required to stay at home and keep calling until he got through.

17. On March 15, 2006, Plaintiff complained to Human Resource Manager D. J. Valenti that he was unable to comply with the call-off policy because he worked nights and would have to stay awake during the day to call in when he should be sleeping, which would aggravate his symptoms. Plaintiff also informed Valenti that he thought that the call-off

3

procedure was discriminatory because it did not apply to everyone and that he planned to contact the Department of Labor to determine whether the policy was legal.

18. On March 16, 2005, Valenti called plaintiff into his office and informed him that he was being discharged for allegedly violating TeleTech's Code of Ethics. Specifically, Valenti informed plaintiff that he was being discharged because he pleaded guilty to indecent assault charges in September 2004.

19. TeleTech's reasons for discharging plaintiff are a pretext to cover up illegal discrimination and retaliation. Plaintiff admits that he pleaded guilty to indecent assault charges which were filed during a bitter divorce and custody dispute with plaintiff's ex-wife. Plaintiff, however, informed his supervisor, Sandra Snyder, when he was initially charged in 2002 and Snyder told plaintiff that the charges would not affect his employment.

20. In addition, Valenti and Snyder were both aware that plaintiff missed two weeks of work in August 2003 because his bail was revoked.

21. Plaintiff also discussed his decision to enter a plea to the indecent assault charges with Snyder and Snyder told plaintiff that she had discussed his plea bargain with Valenti and informed plaintiff that if he pleaded guilty to a misdemeanor it would not affect his job with TeleTech.

### Count I
### The Family Medical Leave Act
### Interference With FMLA Protected Rights in Violation of 29 U.S.C. § 2615(a)(1)

22. The allegations set forth in paragraphs 1 through 21 of the Complaint are incorporated herein as if fully set forth.

23. At all times relevant to this Complaint, TeleTech was an employer within the meaning of 29 U.S.C. § 2611(4)(A).

4

24. Plaintiff was an eligible employee of TeleTech within the meaning of 29 U.S.C. § 2611(2)(a) when he went off work due to a serious health condition in November 2003.

25. Plaintiff suffers from the following serious health conditions: coronary artery disease, high blood pressure, and asthma. Plaintiff requested intermittent family medical leave due to his asthma on March 11, 2005.

26. TeleTech attempted to discourage plaintiff from taking intermittent family medical leave by requiring him to call off to three separate people each time he went off work on intermittent leave and by requiring plaintiff to make repeated telephone calls to his supervisor and Ms. Petrock until he was able to speak to them directly.

27. TeleTech interfered with plaintiff's right to FMLA leave in violation of 29 U.S.C. § 2615(a)(1) by terminating plaintiff's employment because of his FMLA protected absences and because plaintiff requested protected leave under the FMLA.

28. In discharging the plaintiff, TeleTech acted intentionally or with reckless indifference to plaintiff's rights secured by the FMLA, and thus TeleTech's conduct constitutes a willful violation of the FMLA.

WHEREFORE, plaintiff prays that this Court:

a) Declare TeleTech's conduct to be in violation of the FMLA;

b) Enjoin TeleTech from engaging in such conduct;

c) Order TeleTech to reinstate plaintiff retroactive to March 16, 2005 to his prior position or, in lieu of reinstatement, award plaintiff appropriate front pay;

d) Order TeleTech to pay back salary and other compensation found to be due and owing, with interest thereon from the date such amounts became due, and an equal amount in liquidated damages;

e) Award counsel for the plaintiff appropriate fees and expenses; and

    f)    Award plaintiff such further and additional relief as the Court may deem just and proper.

## Count II
## The Family Medical Leave Act
## Discrimination/Retaliation in Violation of 29 U.S.C. § 2615(a)(2)

29.    The allegations set forth in paragraphs 1 through 28 of the Complaint are incorporated herein as if fully set forth.

30.    TeleTech retaliated against the plaintiff when it discharged him for taking and/or requesting FMLA-protected leave in violation of 29 U.S.C. § 2615(a)(2).

31.    As a direct and proximate result of TeleTech's conduct, plaintiff suffered and continues to suffer damages, including, but not limited to, lost wages and fringe benefits.

32.    In discharging the plaintiff, TeleTech acted intentionally or with reckless indifference to plaintiff's rights secured by the FMLA, and thus TeleTech's conduct constitutes a willful violation of the FMLA.

WHEREFORE, plaintiff prays that this Court:

a)    Declare TeleTech's conduct to be in violation of the FMLA;

b)    Enjoin TeleTech from engaging in such conduct;

c)    Order TeleTech to reinstate plaintiff retroactive to March 16, 2005 to his prior position or, in lieu of reinstatement, award plaintiff appropriate front pay;

d)    Order TeleTech to pay back salary and other compensation found to be due and owing, with interest thereon from the date such amounts became due, and an equal amount in liquidated damages;

e)    Award counsel for the plaintiff appropriate fees and expenses; and

f)    Award plaintiff such further and additional relief as the Court may deem just and proper.

6

**Count III**
**Disability Discrimination in Violation of the ADA**

33. The allegations set forth in paragraphs 1 through 32 of the Complaint are incorporated herein as if fully set forth.

34. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against TeleTech on or about September 1, 2005, alleging that TeleTech discriminated against plaintiff on the basis of his disability and unlawfully retaliated against him plaintiff in violation of the ADA. The EEOC provided plaintiff with a Notice of Right to Sue dated January 10, 2006, and, therefore, plaintiff has complied with all of the administrative prerequisites necessary to filing this complaint.

35. TeleTech is an employer within the meaning of 42 U.S.C. § 12111(5).

36. Plaintiff has been diagnosed with the following conditions: 1) coronary artery disease; 2) high blood pressure; and 3) asthma.

37. Plaintiff suffers from a disability within the meaning of 42 U.S.C. § 12102(2).

38. Plaintiff is qualified to perform the essential functions of the position of Lead Agent and is a qualified individual with a disability.

39. TeleTech discriminated against plaintiff by discharging him because of his disability in violation of 42 U.S.C. § 12112.

40. Plaintiff is now suffering and will continue to suffer lost wages and other economic benefits of his employment with TeleTech, and mental anguish and humiliation as a result of the unlawful conduct of TeleTech.

41. TeleTech's conduct was outrageous, reckless, willful and oppressive and in complete disregard of the rights of the plaintiff.

7

WHEREFORE, plaintiff respectfully prays that this Court:

a) Declare TeleTech's conduct to be violation of the Americans With Disabilities Act;

b) Enjoin TeleTech from engaging in such conduct;

c) Order TeleTech to reinstate plaintiff retroactive to March 16, 2005 to his prior position or, in lieu of reinstatement, order appropriate front pay and benefits;

d) Order TeleTech to pay back salary, benefits, and other compensation found by the Court to be due plaintiff, together with interest thereon from the date such amounts became due;

e) Award appropriate compensatory and punitive damages;

f) Award counsel for the plaintiff appropriate fees and expenses; and

g) Award plaintiff such further and additional relief as the Court may deem just and proper.

## Count IV
## Retaliation in Violation of the ADA

42. The allegations set forth in paragraphs 1 through 41 of the Complaint are incorporated herein as if fully set forth.

43. Plaintiff notified TeleTech that he was suffered from coronary artery disease, high blood pressure and asthma.

44. Plaintiff had a good faith belief that he had a disability within the meaning of the ADA and that he was entitled to a reasonable accommodation.

45. Plaintiff made a good faith request for a reasonable accommodation by requesting leave when he experienced symptoms related to his coronary artery disease, high blood pressure and asthma.

46. Plaintiff engaged in protected activity under the ADA when he made the foregoing good faith requests for a reasonable accommodation.

8

47. TeleTech retaliated against plaintiff for requesting leave as an accommodation of his disabilities by discharging him from his position on March 16, 2005 in violation of 42 U.S.C. § 12203.

48. Plaintiff is now suffering and will continue to suffer lost wages and other economic benefits of his employment with TeleTech, and mental anguish and humiliation as a result of the unlawful conduct of TeleTech.

49. TeleTech's conduct was outrageous, reckless, willful and oppressive and in complete disregard of the rights of the plaintiff.

WHEREFORE, plaintiff respectfully prays that this Court:

a) Declare TeleTech's conduct to be in violation of the Americans With Disabilities Act;

b) Enjoin TeleTech from engaging in such conduct;

c) Order TeleTech to reinstate plaintiff retroactive to March 16, 2005 to his prior position or, in lieu of reinstatement, order appropriate front pay and benefits;

d) Order TeleTech to pay back salary, benefits, and other compensation found by the Court to be due plaintiff, together with interest thereon from the date such amounts became due;

e) Award plaintiff appropriate compensatory and punitive damages;

f) Award counsel for the plaintiff appropriate fees and expenses; and

g) Award plaintiff such further and additional relief as the Court may deem just and proper.

## Count V
### Wrongful Discharge in Violation of Public Policy

50. The allegations set forth in paragraphs 1 through 49 of the Complaint are incorporated herein as if fully set forth.

9

51. The Pennsylvania Criminal History Record Information Act provides that an employer may only use information with respect to an employee's criminal record in accordance with 18 Pa. C.S. § 9125. In this respect, the Act states: "Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position to which he has applied." 18 Pa. C.S. 9125(b). The Act further provides: "The employer shall notify in writing the applicant if the decision not to hire the applicant is based in whole or in part on criminal history record information." 18 Pa. C.S. § 9125(c).

52. Plaintiff pleaded guilty to Indecent Assault, 18 Pa. C.S. § 3126(a)(7), and Endangering the Welfare of Children, 18 Pa. C.S. § 4304. Neither of these offenses affects plaintiff's suitability for employment with TeleTech since these criminal charges are not crimes of *crimen falsi*, and because TeleTech does not employ minors at its Uniontown facility.

53. In March 2005, plaintiff applied for and was interviewed for a supervisor position with TeleTech.

54. TeleTech's conduct in discharging plaintiff is violative of the public policy set forth in the Pennsylvania Criminal History Record Information Act, 18 Pa. C.S. §§ 9101 et seq. and constitutes the wrongful discharge of plaintiff from his employment.

55. As a result of TeleTech's wrongful conduct, plaintiff has suffered lost wages, benefits, and emotional pain and suffering.

56. TeleTech's conduct, as more fully set forth above, was outrageous, intentional, malicious, willful and in total disregard of plaintiff's rights under the Pennsylvania Criminal History Record Information Act. TeleTech is therefore liable to plaintiff for punitive damages.

WHEREFORE, plaintiff respectfully prays that the Court:

a)  award plaintiff appropriate compensatory damages, including wages and benefits lost as a result of his wrongful discharge; and

b)  award plaintiff appropriate punitive damages.

**JURY TRIAL DEMANDED**

Respectfully submitted,

 /s/ Gregory T. Kunkel
Gregory T. Kunkel
Pa. I.D. No. 58027

KUNKEL & FINK, LLP
1208 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
(412) 391-7299
E-mail:  greg.kunkel@verizon.net

Counsel for Plaintiff

11