IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD MEANS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-00461 |
| | ) | |
| v. | ) | Judge Arthur J. Schwab |
| | ) | |
| TELETECH, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, TeleTech, by its counsel, files the following Answer in the above-captioned case:

Answer

1. TeleTech admits that this action arises under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), and the American with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). TeleTech denies that, in its treatment of Plaintiff, Ronald Coleman Means, it has violated the FMLA, the ADA, or any other applicable law.

2. Paragraph 2 of Plaintiff's Complaint states conclusions of law to which no response is required.

3. Paragraph 3 of Plaintiff's Complaint states conclusions of law to which no response is required.

4. Admitted.

5. Admitted.

6. Admitted.

00718980.DOC

- 2 -

7. Admitted.

8. TeleTech denies, as stated, that Plaintiff was qualified for the position of Lead Agent and performed his job duties competently. By way of further answer, TeleTech states that one of the qualifications for any position at TeleTech is compliance with TeleTech's Code of Conduct, and that Plaintiff was not in compliance with TeleTech's Code of Conduct by engaging in conduct which, during his employment with TeleTech, resulted in his pleading guilty to the crimes of indecent assault and endangering the welfare of a child and which further resulted in his being placed on the Megan's Law List of sexual predators. TeleTech denies the remaining averments of Paragraph 8 of Plaintiff's Complaint.

9. TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the averment that, in May 2002, Plaintiff experienced severe chest pain and was admitted to the hospital where testing confirmed that Plaintiff had significant blockage of a coronary artery and extremely high cholesterol.

10. TeleTech denies, as stated, that Plaintiff notified TeleTech that he was diagnosed with high blood pressure and coronary artery disease and missed five days from work due to his serious health condition. By way of further response, Plaintiff submitted a request for leave to TeleTech, in May 2002, due to "chest pain."

11. TeleTech admits that Plaintiff was placed on intermittent FMLA leave until September 2004. TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the averment that Plaintiff's alleged condition was under better control in September 2004.

12. TeleTech is without knowledge or information to form a belief concerning the truth of the averments of Paragraph 12 of Plaintiff's Complaint.

13. TeleTech admits that, in July 2003, Plaintiff requested intermittent family and medical leave due to "asthma," "chest pain," "high blood pressure," and "high cholesterol."

14. TeleTech admits that, in September 2004, Plaintiff did not seek recertification of his family medical leave, and that Plaintiff missed several days of work and was late arriving to work on several occasions in early 2005. TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the remaining averments of Paragraph 14 of Plaintiff's Complaint.

15. TeleTech admits that Plaintiff subsequently applied again for intermittent family medical leave. TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the averment that Plaintiff was experiencing more frequent asthma attacks.

16. TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the averments of Paragraph 16 of Plaintiff's Complaint. By way of further answer, TeleTech states that TeleTech required employees on intermittent FMLA leave at the facility at which Plaintiff was employed to call the TeleTech call-off line, their supervisor, and the facilities Human Resources Department.

17. Denied.

18. It is admitted that TeleTech notified Plaintiff, on March 16, 2005, that TeleTech was terminating Plaintiff's employment due to a violation of TeleTech's Code of Conduct. The remainder of the allegations in Paragraph 18 of the Complaint are denied, as stated. By way of further response, Plaintiff was not in compliance with TeleTech's Code of Conduct by engaging in conduct which, during his employment with TeleTech, resulted in his

pleading guilty to the crimes of indecent assault and endangering the welfare of a child and which further resulted in his being placed on the Megan's Law List of sexual predators.

19. TeleTech denies that its reasons for discharging Plaintiff are a pretext to cover up illegal discrimination and retaliation. TeleTech admits that Plaintiff pleaded guilty to indecent assault charges. By way of further answer, TeleTech states that Plaintiff also pleaded guilty to a change of endangering the welfare of a minor, and that the charges involved allegations that Plaintiff sexually molested a girl at various times when she was between the ages of seven and nine. TeleTech further states that, as part of his plea, Plaintiff was placed on the Megan's Law List of sexual predators. TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the averment that the indecent assault charges were filed during a bitter divorce and custody dispute with Plaintiff's ex-wife. By way of further answer, TeleTech states that the victim of the sexual assaults filed the charges in or about June 2002, during Plaintiff's employment with TeleTech. That victim was 18 years old as of the time of her filing of the criminal charges. TeleTech admits that Plaintiff informed his supervisor, Sandra Snyder, when he was initially charged in 2002, that he had been charged with indecent assault. By way of further answer, TeleTech states that Plaintiff did not inform Snyder that the charges involved allegations that he had sexually assaulted a young girl on several occasions, or that the charges would result in his being placed on the Megan's Law List of sexual predators. TeleTech denies the remaining averments of Paragraph 19 of Plaintiff's Complaint.

20. It is admitted that Snyder knew that Plaintiff missed work in August 2003 due to legal issues. The remaining averments of Paragraph 20 of the Complaint are denied.

21. Denied.

- 5 -

22. TeleTech incorporates herein by reference its responses to Paragraph 1 through 21 of Plaintiff's Complaint.

23. Paragraph 23 of Plaintiff's Complaint states a conclusion of law to which no response is required.

24. Paragraph 24 of Plaintiff's Complaint states a conclusion of law to which no response is required.

25. TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the averment that Plaintiff suffers from serious health conditions including coronary artery disease, high blood pressure, and asthma. TeleTech admits that Plaintiff requested intermittent family medical leave due to his alleged asthma on March 11, 2005.

26. TeleTech admits that it required Plaintiff to make three separate telephone calls each time he went off leave on intermittent leave and required him to make telephone calls to his supervisor and Ms. Petrock until he was able to speak to them directly. TeleTech denies the remaining averments of Paragraph 26 of Plaintiff's Complaint.

27. Denied.

28. Denied.

29. TeleTech incorporates herein by reference its responses to Paragraphs 1 through 28 of Plaintiff's Complaint.

30. Denied.

31. Denied.

32. Denied

33. TeleTech incorporates herein by reference its responses to Paragraphs 1 through 32 of Plaintiff's Complaint.

34. The averment that Plaintiff has complied with all of the administrative prerequisites necessary to filing this Complaint states a conclusion of law to which no response is required. By way of further answer, TeleTech states that Plaintiff has failed to exhaust his contractual remedies for the harm that he allegedly has suffered. TeleTech admits the remaining averments of Paragraph 34 of Plaintiff's Complaint.

35. Paragraph 35 of Plaintiff's Complaint states a conclusion of law to which no response is required.

36. TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the averments of Paragraph 36 of Plaintiff's Complaint.

37. Paragraph 37 of Plaintiff's Complaint states a conclusion of law to which no response is required.

38. TeleTech denies, as stated, that Plaintiff is qualified to perform the essential functions of the position of Lead Agent and is a qualified individual. TeleTech incorporates herein by reference its response to Paragraph 8 of Plaintiff's Complaint. The implied averments that Plaintiff has a disability, or is a qualified individual with a disability, within the meaning of the ADA state conclusions of law to which no response is required.

39. Denied.

40. Denied.

41. Denied.

- 7 -

42. TeleTech incorporates herein by reference its responses to Paragraphs 1 through 41 of Plaintiff's Complaint.

43. TeleTech denies, as stated, the averments in Paragraph 43 of the Complaint. By way of further response, TeleTech admits that Plaintiff, at various times during his employment, requested leave for "asthma," "chest pain," "cardiac anterior disease (heart disease)," and "high blood pressure."

44. TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the averment of Paragraph 44 of Plaintiff's Complaint.

45. TeleTech admits that Plaintiff requested leave. TeleTech is without knowledge or information sufficient to form a belief concerning the remaining averments of Paragraph 45 of Plaintiff's Complaint.

46. Paragraph 46 of Plaintiff's Complaint states a conclusion of law to which no response is required. TeleTech incorporates herein by reference its response to Paragraph 45 of Plaintiff's complaint.

47. Denied.

48. Denied.

49. Denied.

50. TeleTech incorporates herein by reference its responses to Paragraphs 1 through 49 of Plaintiff's Complaint.

51. Paragraph 51 of Plaintiff's Complaint states conclusions of law to which no response is required.

52.     TeleTech admits that Plaintiff pleaded guilty to indecent assault and endangering the welfare of children, and that TeleTech does not employ minors at its Uniontown facility.  TeleTech denies the remaining averments of Paragraph 52 of Plaintiff's Complaint.

53.     TeleTech is without knowledge or information sufficient to form a belief concerning the truth of the averments of Paragraph 53 of Plaintiff's Complaint.

54.     Denied.

55.     Denied.

56.     Denied.

## Affirmative Defenses

57.     Plaintiff and TeleTech are parties to a mandatory arbitration agreement, a copy of which is attached to this Complaint as Exhibit 1.  Plaintiff's claims are barred, because he has failed to exhaust the contractual remedies set forth in the arbitration agreement.

58.     Plaintiff's claims are barred, in whole or in part, by applicable administrative time limitations.

59.     The exclusivity provision of the Pennsylvania Workers' Compensation Act bars Plaintiff's claims for damages for alleged mental anguish and humiliation.

60.     Upon information and belief, Plaintiff has failed to exercise reasonable diligence to mitigate his alleged damages.

61.     To the extent that Plaintiff may be determined to be entitled to any damages in this case, TeleTech is entitled to an offset in the amount of earned income and other compensation that Plaintiff has received or, in the exercise of reasonable diligence, could have received since his employment termination.

00718980.DOC

- 9 -

WHEREFORE, Defendant, TeleTech, respectfully requests that the Complaint of Plaintiff, Ronald Coleman Means, be dismissed, with prejudice.

          Respectfully submitted,

          s/ Kurt A. Miller
          Kurt A. Miller, Esquire
          Pa. I.D. No. 37850

          Amy J. Herne, Esquire
          Pa. I.D. No. 84324

          THORP REED & ARMSTRONG, LLP
          Firm I.D. No. 282
          One Oxford Centre
          301 Grant Street, 14th Floor
          Pittsburgh, PA  15219
          (412) 394-7711

          Attorneys for the Defendant, TeleTech

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 29th day of June 2006, by U.S. Mail, first class, postage prepaid, as follows

>Gregory T. Kunkel, Esquire
>Kunkel & Fink
>1208 Allegheny Building
>429 Forbes Avenue
>Pittsburgh, PA  15219

>s/ Kurt A. Miller